{¶ 27} I agree with the majority as to its disposition of the second and third assignments of error, but write separately because my analysis of the second assignment is different from the majority analysis. I respectfully disagree with the majority as to its disposition of the first and fourth assignments of error.
 {¶ 28} The appellant, in her second assignment of error, asserts that "[t]he trial court erred in finding appellant's lawsuit was barred by the doctrines of res judicata and collateral estoppel because neither the claim nor the issues were decided in a former proceeding." I agree.
 {¶ 29} The Coroner found that the immediate cause of William LeFever's death was amitriptyline poisoning. Appellant has been trying to prove by experts' affidavits that that conclusion is incorrect and should be changed. She has raised this issue two times in post-trial motions to the trial court in her criminal case and in an action in Federal District Court for habeas corpus relief.
 {¶ 30} The trial court in appellant's criminal case denied her two post-trial motions but did not state the reasons for the denials. Therefore, I can not determine from the trial court's judgment entries whether the trial court found that the evidence presented by appellant was insufficient to put the coroner's report in doubt or whether the court found that the coroner's report was in error as to the amitriptyline poisoning, but concluded that that fact was insufficient to grant the post-trial motions. Based on those rulings of the trial court in appellant's criminal case I would find that the issue of whether the coroner's report should be modified has not been resolved.
 {¶ 31} The decision of the United States Court of Appeals, Sixth Circuit, in the federal habeas corpus proceeding also does not squarely address whether amitriptyline poisoning should remain as the immediate cause of William LeFever's death on the coroner's certificate. In reviewing, on appeal, the claim of appellant that the evidence at her criminal trial was insufficient to convict her, the Federal Circuit Court of Appeals stated that in order to uphold the district court's decision not to grant appellant's habeas relief, ". . .we need not conclude that a rational trier of fact could have found William's death was caused by an IM injection of amitriptyline. We need only conclude that `after viewing [all of] the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" LeFever v.Money, 225 F.3d 659 (Table), 2000 WL 977305 (6th Cir. July 6, 2000).[1][2] Further, when the Federal District Court dealt with appellant's claim that she was entitled to habeas relief because of newly discovered evidence, the court found that such evidence was not compelling evidence of her innocence but was largely cumulative to evidence offered at her criminal trial. Based on the Federal Circuit Court of Appeal's decision, I would find that the issue of whether the coroner's report should be modified was not addressed.
 {¶ 32} I also do not find that R.C. 313.19 requires a hearing every time an action has been filed pursuant to said statute. I find nothing in R.C. 313.19 that totally prohibits the use of summary judgment motions. Civ. R. 1(C) states that the Civil Rules shall not apply to certain proceedings (i.e. special statutory proceedings) but only to the extent the Civil Rules by their nature would be clearly inapplicable. Even conceding that an R.C. 313.19 action is a special statutory proceeding, I find nothing in the nature of Civ. R. 56 that makes it entirely inapplicable to R.C. 313.19. R.C. 313.19 only says that a court of common pleas must hold a hearing before it directs a coroner to change his decision as to cause and manner and mode of death. Therefore, summary judgment motions would only be inappropriate when the complainant is asking the court, without conducting a hearing, to direct the coroner to change his decision. Summary judgment motions would not be prohibited if the trial court could dismiss the R.C. 313.19 action based on legal issues (i.e. res judicata) or upon documentation which, under Civ. R. 56 parameters, would lead a court to find that the coroner should not be directed to change his/her decision.
 {¶ 33} As to the fourth assignment of error, I do not find that the trial court erred in finding that Heather Reynolds lacked standing in this matter. I find that Ms. Reynolds is not a real party in interest as contemplated by Civ. R. 17(A). I find that Civ. R. 17(A) is applicable to this proceeding because nothing in the nature of Civ. R. 17(A) makes it clearly inapplicable to R.C. 313.19 proceedings. Therefore, even conceding that the R.C. 313.19 proceeding is a special statutory proceeding pursuant to Civ. R. 1(C)(7), Civ. R. 17(A) is applicable pursuant to Civ. R. 1(C) because it is not inapplicable.
Judge Julie A. Edwards
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with our opinion and the law. Costs assessed to appellee.
[1] Case citation for case quoted by the Federal Circuit Court has not been included.
[2] Cert. denied by LeFever v. Money, 531, U.S. 1028, 121 S.Ct. 603,148 L.Ed.2d 515, 69 USLW 3364 (U.S. Nov. 27, 2000) (No. 00-6785)